SUMMARY ORDER

Houshun Zhu, a native and citizen of the People’s Republic of China, seeks review of a May 12, 2008 order of the BIA, affirming the July 11, 2006 decision of Immigration Judge (“U”) Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hou Shun Zhu, No. A098 384 378 (B.I.A. May 12, 2008), aff'g No. A098 384 378 (Immig. Ct. N.Y. City July 11, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Zhu fails to challenge the agency’s denial of his CAT claim before this Court, it is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Regarding Zhu’s asylum and withholding claims, we find that substantial evidence supports the agency’s adverse credibility determination. The agency properly relied on Zhu’s demeanor in rendering its adverse credibility determination. See Tu Lin v. Gonzales, 446 F.3d 395, 400-01 (2d Cir.2006). The IJ noted that Zhu appeared extremely nervous, “exceed[ing] [the level of nervousness] one would ordinarily expect,” and that his testimony had an “extremely unnatural flow,” and “conveyed the impression that he had memorized his script and was simply trying to ‘parrot’ aspects of a script.” It was not error for the agency to rely on these aspects of Zhu’s demeanor in finding that he had not testified credibly. See Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007) (en banc).
In addition, the agency also could reasonably rely on inconsistencies in Zhu’s testimony. For example, the agency could rely on discrepancies relating to when family planning cadres came to Zhu’s home, threatened his parents, and threatened to destroy his home. While Zhu first testified that they came in August 2002, he later stated that it happened in September 2002, while his asylum application indicated that it happened after April 2003. In addition, the agency could properly cite inconsistencies in Zhu’s testimony with re *360 gard to when he confronted family planning officials: in his asylum application and his testimony, Zhu stated that he confronted cadres after his wife was forced to undergo a second abortion, but twice testified that this confrontation occurred in August 2003 — prior to the second abortion. Similarly, the agency did not err in relying on Zhu’s inconsistent statements regarding how many times he confronted the cadres, first stating that he did so on two separate occasions, but then, after describing the first occasion, recanting and stating that he only confronted them once.
While Zhu argues that the agency erred in relying on minor, non-material discrepancies, the discrepancies presented here go to the heart of Zhu’s claim that he was persecuted based on his “other resistance” to a coercive population control policy. 8 U.S.C. § 1101(a)(42)(B); cf. Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000) (characterizing as minor and isolated an applicant’s inconsistencies over his place of birth and residence, the date of his arrest, and the amount of time he spent in prison and in a refugee camp). Moreover, even if these inconsistencies were minor, the agency did not err in finding that, taken together, they provided support for an adverse credibility finding. See Tu Lin, 446 F.3d at 402 (“[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.” (internal citations omitted)); Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-07 (2d Cir.2006) (per curiam) (“[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission” and can instead “rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.”) (internal quotation marks and citation omitted).
Because substantial evidence supports the agency’s adverse credibility determination, the agency’s denial of Zhu’s application for asylum and withholding of removal was not improper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal claims must fail if petitioner is unable to show the objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).